872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lamarr FLETCHER, Plaintiff-Appellant,
v.
Clint CRABTREE; John 1 and 2 Does, Defendants-Appellees.
 Nos. 88-5743, 88-6244 and 88-6245.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lamarr Fletcher, a pro se Tennessee state prisoner, appeals from the district court's orders of partial dismissal and summary judgment in favor of defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. Plaintiff alleged that the defendants, the Circuit Court Clerk of Shelby County, Tennessee and two unidentified employees of the clerk's office, had denied him access to the courts by twice failing to accept for processing his complaint for divorce. The district court ordered the damages claim dismissed, and subsequently entered summary judgment, finding the claim for injunctive relief to be moot. Plaintiff filed appeals from each of these orders, as well as the final judgment entry, and the cases have been consolidated for review.
 
 
 3
 Upon consideration, we conclude that the orders of the district court were proper. Plaintiff did not state a claim for damages against defendant Crabtree, because he did not allege that the Clerk condoned, encouraged, or participated in the alleged misconduct. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Moreover, the damages claim against all the defendants was subject to dismissal because court officers are absolutely immune from suit on claims arising out of the performance of judicial or quasi-judicial functions. See Foster v. Walsh, No. 88-3256, slip op. at 3-4 (6th Cir. Dec. 14, 1988) (per curiam). Summary judgment on the remaining claim for injunctive relief was proper as that issue was moot. Defendants represented that they would process the divorce complaint if it were submitted, and the district court so ordered. Unless plaintiff submitted the complaint, as he admits he did not, an injunction ordering defendants to accept it would be futile.
 
 
 4
 Accordingly, the district court's orders are hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.